UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| VS. | ) | 3:06-CV-2149-G |
| | ) | |
| STEVE WHITE, Individually and d/b/a THE SECRET GARDEN AND/OR THE WHITE'S SECRET GARDEN, ET AL., | ) | **ECF** |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion by the defendants Steve White, Diane White, and The White's Secret Garden, Inc. (collectively, "the defendants") to stay this declaratory judgment proceeding. For the reasons stated herein, the motion is denied.

## I. BACKGROUND

The crux of this suit for declaratory judgment is whether the plaintiff Hartford Casualty Insurance Company ("Hartford" or "the plaintiff") must defend and

indemnify the defendants who are currently named as defendants in a pending state court case. According to the complaint, the defendants were hired to construct a retaining wall in two subdivisions located in Irving, Texas. Complaint for Declaratory Judgment ¶ 8. The retaining walls were constructed during the latter part of 1999 and/or during the year 2000. *Id.* ¶ 11. Beginning in 2001, portions of the retaining walls began to fail. *Id.* Thereafter, certain homeowners and the homeowners association for the two subdivisions filed suit against the defendants and others in the 298th Judicial District Court of Dallas County, Texas. *Id.* ¶ 12. On or about January 23, 2001, Hartford issued an insurance policy to the defendants. *Id.* ¶ 14. The plaintiff alleges that it is not obligated under the terms of the insurance policy to provide a defense and indemnification to the defendants in the state court action. *Id.* ¶ 16.

The state court action against the defendants has a trial date, at present, of April 2, 2007. It is undisputed that since the state suit was filed on August 18, 2003, Hartford has provided a defense for the defendants, including participation in certain mediation and settlement negotiations. *See* Defendants' Motion to Stay and Brief in Support Thereof ¶¶ 1, 3; Hartford's Response to Defendants' Motion to Stay ("Response") at 2. However, it is further undisputed that Hartford, prior to providing a defense in the state court action, expressly reserved its rights to disclaim coverage subject to the terms of the policy. *See* Response at 3; Defendants' Reply to

Plaintiff's Response to Motion to Stay ("Reply") ¶ 2. In a letter dated October 30, 2003, Hartford wrote,

> The Hartford will agree to provide a defense subject to this initial reservation of rights as stated and described above. In offering this defense, The Hartford is specifically reserving its rights under the terms, conditions, exclusions of this policy and by providing a defense does not waive any grounds, exclusions or defense, either now or in the future, which would provide a basis of withdrawal or denial of defense or indemnity. Thus, representation of The Secret Garden by the attorney appointed by The Hartford shall not be construed as a waiver of the lack of coverage under the policy for the lawsuit and shall not be construed as an estoppel against The Hartford or against its assertion that no coverage exists for the lawsuit at a later time.

Letter from David Clement to Steve and Sharon White, The White's Secret Garden, Inc. (Oct. 30, 2003) at 2-3, *attached to* Hartford's Appendix in Support of Response to Defendants' Motion to Stay ("Appendix") *as* Exhibit A. In a subsequent letter, Hartford reiterated its reservation of rights. "[Hartford] reserve[s] the right to withdraw from the defense of this matter and/or to file a Declaratory Judgment action to determine the respective rights and obligations of the parties to the insurance contract." Letter from Mark H. Easter to The White's Secret Garden, Inc., Steve White, Diane White (July 15, 2005) at 7, *attached to* Appendix *as* Exhibit B. It is further undisputed that Hartford has committed to providing a defense for the defendants through the April 2007 state trial date. *See* Response at 1; Reply ¶ 1.

The defendants filed the instant motion to stay the entire action for declaratory judgment until after the state court action is concluded.

## II. ANALYSIS

The defendants base their motion to stay on three grounds: waiver, estoppel, and judicial efficiency. According to the defendants, Hartford has waived its right to have the issue of insurance coverage determined before the state litigation is completed because Hartford failed to do so earlier. Also, the defendants aver that principles of equitable estoppel prevent Hartford from asserting this declaratory judgment action prior to the conclusion of the state litigation. In addition to the waiver and estoppel argument, the defendants contend that the action for declaratory judgment should be stayed because facts adduced in the state court proceeding may affect the issue of coverage in this declaratory judgment action. Should the court deny the motion to stay, the defendants request that the court alter the scheduling order with regards to the discovery deadline.

### A. Waiver and Estoppel Argument

The defendants' arguments that waiver and estoppel serve as grounds to stay this suit for declaratory judgment are baseless. Under Texas law, "the doctrines of waiver and estoppel cannot be used to create insurance coverage where none exists under the terms of the policy." *Pennsylvania National Mutual Casualty Insurance Company v. Kitty Hawk Airways, Inc.*, 964 F.2d 478, 480-81 (5th Cir. 1992) (quoting

*State Farm Lloyd's, Inc. v. Williams*, 791 S.W.2d 542, 550 (Tex. App.--Dallas 1990, no writ)). An exception to this general rule exists when "an insurer assumes an insured's defense without declaring a reservation of rights or obtaining a non-waiver agreement, and with knowledge of facts indicating non-coverage, all policy defenses, *including those of non-coverage*, are waived, or the insurer may be estopped from raising them." *Id.* at 481 (quoting *State Farm Lloyd's, Inc.*, 791 S.W.2d at 550 (emphasis in original)). Thus, to fit within this exception, the insured must show: (1) the insurer had "sufficient knowledge of the facts or circumstances indicating non-coverage;" (2) the insurer assumed defense or continued in its defense of the insured without obtaining an effective reservation of rights; and (3) the insured suffered some form of harm. *Id.*

On the instant motion, the defendants have failed to show that they qualify for this exception. The defendants wholly ignore this analysis and present no evidence to fit themselves within the exception to the general rule. Hartford, on the other hand, has provided the court with two letters in which it expressly reserved the right to initiate this declaratory judgment proceeding, and the defendants have not questioned the validity of these letters.

The defendants present a novel argument. They argue that even though Hartford expressly reserved its right to file an action for declaratory judgment, Hartford's action of providing a defense for more than three years creates a temporary

waiver or estoppel, prohibiting it from filing the action for declaratory judgment until after the underlying litigation is resolved. However, the defendants provide no legal basis in support of this novel argument, and the court, for its part, has been unable to unearth any case in which this argument was accepted. Accordingly, the motion to stay based on waiver and estoppel is denied.

B. Judicial Efficiency Argument

The defendants argue that as a matter of judicial efficiency, the court should stay this action until after resolution of the state court proceeding because certain facts to be determined in the state court trial may be determinative on the issue of indemnification. Hartford, while agreeing that the state court trial *may* play a part in *some* of its coverage defenses, asserts that at present other coverage defenses are ripe for adjudication and are not contingent on the state court proceeding. Hartford cites *State Farm Lloyds v. C.M.W.*, 53 S.W.3d 877 (Tex. App.--Dallas 2001, pet. denied), Response at 6, in support of its argument that this court should proceed in this declaratory judgment action.

> Typically, the duty to defend is determined based upon the allegations made in the underlying suit considered in light of the policy provisions, and the duty to indemnify is determined from the actual underlying facts that result in the insured's liability. . . . The duty to defend is broader than the duty to indemnify, and where there is no duty to defend under the terms of the policy, there can be no duty to indemnify. . . . Sometimes it is necessary to defer resolution of the indemnity issue until after resolution of the liability issue, because coverage may depend upon facts

> actually proved in the lawsuit. . . . However, in other cases, the court may decide the indemnity issue before judgment is rendered in the underlying suit, if the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate *any possibility the insurer will ever have a duty to indemnify*.

*Id.* at 889 (internal citations and quotation marks omitted; emphasis in original).

The court agrees with Hartford. If grounds exist, apart from resolution of the state court suit, entitling Hartford to declaratory relief, there is no legal or equitable basis for delay. Should it become apparent later that the existence of Hartford's duty to defend and indemnify is wholly contingent on the state court proceeding, the defendants are welcome to assert that argument as it arises. In the meantime, the court lacks any reason to stay this suit for declaratory judgment. Accordingly, the motion to stay based on this judicial efficiency argument is denied.

C. Request for Alteration to the Scheduling Order

The defendants request for the court to "enter a Scheduling Order . . . that would allow the parties time to conduct discovery on the issues relevant to this action before filing dispositive motions." Motion to Stay ¶ 10. The court notes that the motion to stay predated the scheduling order in this case. *See* Docket Sheet. As is customary for this court, the scheduling order in this case requires all dispositive motions to be filed approximately two months before the close of discovery. *See* Order Establishing Schedule and Certain Pretrial Requirements ¶¶ 3, 6. In its experience, this court has found such timing requirements encourage efficient

discovery and effective pretrial motions. The defendants provide no sound basis to deviate from the court's traditional scheduling requirements; the scheduling order provides the defendants with ample time to conduct discovery and more than sufficient time to oppose any forthcoming motion for summary judgment. Moreover, even if the court were to adopt the defendants' argument that additional time is needed before it will be able to respond adequately to a motion for summary judgment, there are more appropriate procedures available under the Rules as such circumstances arise.

## III. CONCLUSION

For the reasons stated above, the defendants' motion to stay is **DENIED**.

**SO ORDERED**.

February 23, 2007.

A. JOE FISH
CHIEF JUDGE